IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Amber C., | ) |
| | ) |
|        Plaintiff, | ) |
| | )   Case No.: 23-cv-50302 |
|    v. | ) |
| | )   Magistrate Judge Margaret J. Schneider |
| Martin O'Malley, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

     Amber C. ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. The parties have filed cross motions for summary judgment [19, 22]. For the reasons set forth below, Plaintiff's motion for summary judgment is denied and the Commissioner's motion for summary judgment is granted. The final decision of the Commissioner denying benefits is affirmed.

**BACKGROUND**

    **A. Procedural History**

     Plaintiff protectively filed for supplemental security income and/or disability insurance benefits on July 22, 2021. R. 112. This application alleged a disability beginning on July 1, 2016. *Id.* The Commissioner denied her application on March 24, 2022, and upon reconsideration on September 15, 2022. *Id.*; R. 123. Plaintiff filed a request for a hearing on October 3, 2022. R. 185. On January 24, 2023, a hearing was held by Administrative Law Judge ("ALJ") Lovert F. Bassett where Plaintiff appeared and testified. R. 15. Plaintiff was represented by counsel and Leslie Freels Lloyd, an impartial vocational expert, also appeared and testified. *Id.*

     On February 2, 2023, the ALJ issued his written opinion denying Plaintiff's claim for supplemental security income and disability insurance benefits. R. 15-23. On February 2, 2023, Plaintiff appealed the decision to the Appeals Council, which was denied, making the ALJ's decision final. R. 1-3. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are Plaintiff's opening brief [19], the Commissioner's motion for summary judgment and response to Plaintiff's brief [22], and Plaintiff's reply [23].

### B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the amended alleged onset date of July 1, 2019. R. 17. At step two, the ALJ found Plaintiff had the following severe impairments: factor V Leiden mutation, asthma, obesity, bipolar disorder, post-traumatic stress disorder, and generalized anxiety disorder. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. R. 18. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

Before step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform light work with the following restrictions: no climbing ladders, ropes, or scaffolds; no exposure to pulmonary irritants; no exposure to unprotected heights or dangerous moving machinery; no more than a few changes in a routine work setting; occasional interaction with coworkers and supervisors; and no participation in any collaborative joint projects or engagement with the public. R. 19. At step four, the ALJ found that Plaintiff has no past relevant work. R. 22. At step five, the ALJ found that, in reliance on the VE's testimony, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from July 1, 2019, through the date of the decision, February 2, 2023.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

# DISCUSSION

Plaintiff challenges the ALJ's decision on the grounds that (1) the ALJ's Paragraph B conclusions were not supported by substantial evidence; (2) the ALJ erred in his assessment of Plaintiff's subjective symptoms; and (3) the ALJ cherry-picked evidence to support his rejection. As detailed below, the Court finds that none of these arguments warrant a remand and, therefore, the Commissioner's decision is affirmed.

## A. Paragraph B conclusions

Plaintiff first questions the evidentiary support for the ALJ's Paragraph B conclusions. Pl.'s Mot. at 4. Specifically, Plaintiff argues that the ALJ adopted the state agency consultant's findings without performing a proper analysis of his own. *Id.* She also argues that the ALJ relied too heavily on positive factors such as her appearance during her intake phone call and her ability to do simple chores while inadequately considering opinions from Plaintiff's counselor and consultative examiner that contradicted his Paragraph B conclusions. *Id.* at 5-8.

When completing evaluations of mental listings, the ALJ works within the Paragraph B framework, which considers a claimant's impairments in four broad areas of mental function: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). In considering these Paragraph B criteria, the ALJ must evaluate the claimant's function in each of these categories on the following five-point scale in increasing order of intensity: none, mild, moderate, marked, and extreme. *Id.* at § 404.1520a(c)(4). To satisfy the paragraph B criteria and meet a listing, Plaintiff must show an extreme limitation of one, or marked limitation of two, of the criteria. 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00(A)(2)(b). A claimant has a mild limitation if their functioning in the area is slightly limited on a sustained basis, a moderate limitation if their functioning is fair, a marked limitation if they are seriously limited, and an extreme limitation if they are not able to function in the area on a sustained basis. *Id.* at 12.00(F)(2).

In this case, at step three the ALJ analyzed Listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma and stressor related disorders) and found that Plaintiff did not meet these listings because she did not satisfy the paragraph B criteria. R. 18. The ALJ found that Plaintiff was moderately limited regarding concentrating, persisting or maintaining pace and only mildly limited in the remaining three areas. R. 18-19. These findings were fully consistent with the findings of the state agency psychological consultants. R. 106, 128.

Plaintiff argues, however, that the ALJ should have given more weight to the opinion of Frances Versoza, QMHP, Plaintiff's therapist, who opined that Plaintiff's "symptoms have caused her to have limited functioning while at work" and "greatly impact[] her overall functioning." R. 803. While she did not opine as to Plaintiff's functional levels in each specific category, she did conclude that Plaintiff "would benefit from receiving SSDI benefits." *Id.*

In examining a medical opinion, the ALJ *must* "explain how [the ALJ] considered supportability and consistency factors" and *may* explain the ALJ's consideration of the remaining

factors: relationship with claimant, specialization, and "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(b)(2)-(c)(5). The required factors, supportability and consistency, are defined as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2). Here, the ALJ applied the appropriate factors and properly evaluated Ms. Verzosa's opinions when concluding her opinion was not persuasive...

When evaluating Ms. Verzosa's opinion, the ALJ provided the following explanation:

> The opinions of Fran Verzosa, QMHP are not persuasive. Ms. Verzosa gave no specific functional limitations. Her opinions also appear to be based primarily on the claimant's subjective reports rather than objective findings. As noted, above, the claimant's mental examinations have often been normal, especially when properly medicated. Furthermore, Ms. Verzosa makes an ultimate conclusion on an issue reserved for the Commissioner.

R. 22 (citations omitted). The ALJ evaluated the supportability of Ms. Verzosa's opinions when he noted that they were based on subjective reports instead of objective findings. He also evaluated the consistency of her opinions by pointing to other evidence in the record that contradicted her opinions. Accordingly, the ALJ properly considered these factors and found Ms. Verzosa's opinions to be unpersuasive.

Plaintiff also argues that the ALJ failed to consider the psychological consultative examiner's opinion and instead, adopted the opinions of the state agency consultants without providing sufficient analysis of his own. Pl.'s Mot. at 4-6. The findings of the consultants may be found to be less useful than other examiners' findings, but they are still medical evidence that "cannot just be ignored." *Varga v. Colvin*, 794 F.3d 809. As such, an ALJ should take the findings of the state agency consultants into consideration but, as with all other medical evidence, must build a bridge between the opinions and the ALJ's ultimate conclusions. *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021).

Although the ALJ's paragraph B conclusions align with the findings of the state agency consultants, the ALJ supported his decision with an analysis of the whole record as discussed below. R. 18-19, 106, 128. He cited the psychological consultative examiner's opinion multiple times both in his Paragraph B evaluations and his analysis of Plaintiff's subjective symptom

analysis. R. 18-19, 21. The ALJ also did not ignore any entire lines of evidence. *See Combs v. Kijakazi*, 69 F.4th 428, 435 (7th Cir. 2023). Nonetheless, Plaintiff argues that the ALJ did not build a logical bridge from the evidence in the record to his paragraph B conclusions. Pl.'s Mot. at 4. While an ALJ must create a logical bridge between the record and his paragraph B conclusions, this does not require the ALJ to address every piece of evidence but rather enough "evidence as a reasonable mind might accept as adequate to support" his conclusion. *Butler*, 4 F.4th at 501 (quoting *Varga*, 794 F.3d at 813). In making these assessments, the ALJ should consider "all relevant evidence" through a "complex and highly individualized process." 20 C.F.R. § 404.1520a(c)(1).

At the outset, the Court notes that many of Plaintiff's objections to the ALJ's Paragraph B conclusions are simply invitations to reweigh the evidence which this Court cannot do. *See Gedatus*, 994 F.3d at 900 ("We will not reweigh the evidence… or substitute our judgment for the ALJ's determination so long as substantial evidence supports it."). Despite this, the Court will look at the evaluation of each of the paragraph B criteria in turn.

i.   **Understanding, remembering or applying information**

The ALJ found that Plaintiff was only mildly limited in this category. He noted that Plaintiff's memory is intact, she follows instructions well, and she had no problems understanding during her initial phone interview with the field office. R. 18. Plaintiff argues that the ALJ's finding in this category improperly conflicted with the consultative examiner's opinion that she had a moderate impairment in her immediate memory. R. 493. While the ALJ is required to take this opinion into consideration within his analysis of the record, he is not required to adopt it if he provides sufficient contradictory evidence. *Spicher v. Berryhill*, 898 F.3d 754, 757-758 (7th Cir. 2018). Here, the ALJ acknowledges the consultative examiner's opinion but considered all the contradictory categories of information outlined above which adequately supports the ALJ's conclusion of a mild limitation.

ii.   **Interacting with others**

The ALJ found that Plaintiff had only a mild limitation in this category. The ALJ stated the evidence indicated that:

> [Plaintiff] has routinely been cooperative, polite, and engaging. The claimant also has no problems getting along with others. She is able to go out alone, shop in stores, and use public transportation. Further, during her initial telephone interview with the field office, the claimant was noted to be friendly and cooperative.

R. 19 (citations omitted).

Plaintiff argues that this analysis "ignores the variability of mental illness" by heavily relying on her friendly demeanor in her initial phone interview and ignoring records that show a difficulty interacting with others. Pl.'s Mot. at 5, 7. Plaintiff specifically points to therapy records describing her "feelings of frustration" with "customers being rude to her." *Id.* at 7 (citing R. 435).

5

While the ALJ did take the initial phone call into consideration, this was but one of several pieces of evidence used to make this determination, as quoted above. R. 19. Also, the ALJ did reference the therapy records and took them into consideration but ultimately found that the entirety of these records showed Plaintiff "had no problem getting along with others." *Id.* A failure to address the specific line in the therapy records that Plaintiff refers to is not a reversible error because "the ALJ did not ignore an entire line of evidence that supported a finding of disability" but adequately discussed the evidence. *See Deborah M. v. Saul*, 994 F.3d 785, 788-789 (7th Cir. 2021) (citing *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010)).

### iii. Concentrating, persisting or maintaining pace

In this category, the ALJ assessed a moderate limitation. The ALJ noted Plaintiff's claim of a shorter attention span and inability to finish things she started but also referenced her normal attention span and concentration which was demonstrated often in her therapy notes. R. 19. As an additional piece of evidence, the ALJ pointed to Plaintiff's apparent ability to concentrate in her initial phone interview. R. 19.

Plaintiff argues that, once again, the ALJ improperly relied on her concentration during the initial phone interview in making this determination. Pl.'s Mot. at 5. However, demonstrated by the multiple therapy notes cited by the ALJ, the ALJ took other pieces of evidence into consideration, providing adequate support for his moderate assessment in this category.

### iv. Adapting or managing oneself

Finally, the ALJ assessed a mild limitation in this category. Citing to Plaintiff's own function report as well as multiple therapy notes, the ALJ supported his determination with this analysis:

> [Plaintiff] claims she does not handle stress or changes in routine well. The claimant also allegedly needs reminders to take care of her personal needs and grooming. However, she has no problems with personal care. She also does not need help or reminders to take her medicine. Further, the claimant is able to prepare at least simple meals and perform household chores. She has also displayed fair to normal judgment and insight.

R. 19 (citations omitted).

Plaintiff once again argues that the ALJ improperly weighed the evidence. Pl.'s Mot. at 6; Pl.'s Reply at 2-3. Specifically, Plaintiff argues that her ability to perform household chores "does not negate the serious impact" of her mental impairments and points to her counselor's notes as supporting evidence. Pl.'s Mot. at 6 (citing *Meuser v. Colvin*, 838 F.3d 905, 913 (7th Cir. 2016).

An ALJ cannot infer a claimant's ability to work "from [the] ability to perform simple household chores" alone. *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015). However, this ability to do basic chores can be used to contradict a paragraph B finding of marked or extreme limits. *Gladney v. Saul*, 857 Fed. App'x 235, 239 (7th Cir. 2021). Here, the ALJ admittedly used Plaintiff's ability to do basic chores as evidence of her ability to adapt and manage herself but did

so with additional evidence and ultimately found a mild limitation. He even referenced Plaintiff's own function report which describes her ability to "prepare at least simple meals and perform household chores." R. 19. As with the preceding three categories, the ALJ provided adequate support to build a logical bridge from the evidence to his determination in this category as required.

### B. Subjective symptoms analysis

Plaintiff also challenges the ALJ's evaluation of her subjective symptoms as lacking support. Pl.'s Mot. at 9. However, Plaintiff provides no argument that shows the ALJ's evaluation to be patently wrong.

When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5–8. "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Not all the ALJ's reasons must be valid in a subjective symptom analysis, "as long as *enough* of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (unpublished) (emphasis in original). Here, the ALJ's evaluation of Plaintiff's symptoms was adequately supported with evidence and explanation. The ALJ discussed Plaintiff's testimony that her anxiety limits her ability to work but found that the record indicated that her symptoms were not as disabling as alleged.

Nevertheless, Plaintiff faults the ALJ for discrediting her subjective symptoms because the limitations she described in her function report, "if accepted by the ALJ, would have reasonably impacted the plaintiff's ability to do full time work." Pl.'s Mot. at 9. In reference to Plaintiff's claim that she is easily overwhelmed, the ALJ pointed to her calm and appropriate demeanor evidenced in the notes from her counselor and consultative examiner. R. 21. Citing these same pieces of evidence, the ALJ noted that she is often alert and oriented, contradicting her claim of difficulty focusing and sleeping. *Id.* The ALJ also pointed to her routinely normal thought process and denial of suicidal ideation which was again shown in the notes from her counselor, prescribing psychiatrist, and consultative examiner. *Id.*

The ALJ thus appropriately relied on specific reasons supported by the record to justify his subjective symptoms evaluation. *See* 20 C.F.R. § 404.1529(c)(3); e.g., *Pepper v. Colvin*, 712 F.3d 351, 368 (7th Cir. 2013) (upholding credibility determination that discussed claimant's symptoms, social activities, medication, other treatment, and medical opinions). Moreover, the ALJ did not completely discount Plaintiff's subjective symptoms but rather instituted RFC limitations to address the symptoms he did fine supported by the record. Additionally, Plaintiff's allegation that these symptoms "would have reasonably impacted" the ALJ's findings invites the Court to reweigh the evidence, which the Court cannot do. *Grotts*, 27 F.4th at 1279 ("When [the plaintiff] criticizes the ALJ's analysis of her daily functioning, her good and bad days, and her pain, she is . . . inviting us to reweigh the evidence.").

7

Again, not all the ALJ's reasons must be valid in a subjective symptom analysis, as long as enough of them are and here, enough of them are. The ALJ sufficiently evaluated Plaintiff's subjective symptoms related to her mental impairments and included limitations supported by the record. *See* 20 C.F.R. § 404.1529(c)(4) (stating that the ALJ is empowered to determine whether a claimant's subjective complaints are supported by medical evidence and, if not, the ALJ may discount the claimed degree and severity of the alleged symptoms). Accordingly, the ALJ's subjective symptom analysis is not patently wrong, and thus, a remand is not warranted on this basis.

### C. Cherry-picking evidence

Finally, Plaintiff argues that the ALJ improperly cherry-picked from the record when determining her RFC. Plaintiff faults the ALJ for relying on "a few normal mental status examination[s]" instead of her "significant anxiety and/or depression on the majority of her examinations." Pl.'s Reply at 5. In particular, Plaintiff points to the consultative examiner's finding of severe anxiety and PTSD diagnoses after "just 48 minutes interviewing" her. Pl.'s Mot. at 10.

An ALJ "cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding. But an ALJ need not mention every piece of evidence, so long [as] he builds a logical bridge from the evidence to his conclusion." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (per curiam) (citations omitted). Moreover, an ALJ does not engage in impermissible cherry-picking when he "specifically addresse[s] all the evidence that [Plaintiff] points out" but "d[oes] not assign the significance to it that [Plaintiff] prefers." *Id.* at 426. Ultimately, this means that the ALJ needs to provide adequate evidence to support his decision and must also explain why evidence that is contradictory to his findings is not persuasive. *Bakke*, 62 F.4th at 1067.

Here, the ALJ specifically addressed Plaintiff's anxiety and depression as evidenced by Plaintiff's progress notes from her counselor and the consultative examination. R. 21. However, he continued his analysis and found that other evidence of her "calm and appropriate mood" and "routinely…normal thought process" was more persuasive. *Id.* Although Plaintiff may not agree with the significance the ALJ assigned to these mixed findings, she "cannot prevail" on a claim of cherry-picking "by arguing that the ALJ improperly weighed the evidence." *Reinaas v. Saul*, 953 F.3d 461, 466 (7th Cir. 2020). Therefore, a remand is not warranted on this basis.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [19] is denied, and the Commissioner's motion for summary judgment [22] is granted. The Commissioner's decision is affirmed. Final judgment will be entered accordingly.

Date: October 24, 2024          Enter: *Margaret J. Schneider*
                                United States Magistrate Judge